829 So.2d 376 (2002)
J.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2699.
District Court of Appeal of Florida, Fourth District.
November 6, 2002.
*377 Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
J.B., a juvenile, pled no contest to assault on an educational employee (count I) and disruption of a school function (count III) in case number 00-231 JVMA and to violation of community control for giving a false name while detained in case number 00-875 JVMA. On June 7, 2001, the trial court adjudicated him delinquent, concurrently committed him to a level six moderate-risk program, ordered post-commitment probation and pronounced several special conditions of probation. J.B. timely appealed his commitment.
On November 16, 2001, this court relinquished jurisdiction for forty-five days for the trial court to correct disposition errors. Defense counsel filed a Motion to Correct Sentencing Errors arguing: 1) the trial court erroneously imposed a general disposition on multiple offenses instead of pronouncing separate sentences as to each count in each case; 2) the trial court erroneously imposed a sentence using language that requires research beyond the face of the sentencing document to determine the actual length of the sentence and therefore is not sufficiently specific; and 3) the trial court failed to award credit for twenty-eight days time served.
The trial court filed a separate Amended Disposition Order for each offense. The orders state:
X COMMITTED TO A LICENSED CHILD CARE AGENCY OF THE DEPARTMENT OF JUVENILE JUSTICE. THE COURT ORDERS THE CHILD PLACED IN A MODERATE RISK (6) LEVEL PROGRAM. THE PLACEMENT IS FOR AN INDETERMINATE PERIOD, BUT NO LONGER THAN THE MAXIMUM SENTENCE ALLOWABLE BY LAW OR THE TWENTY FIRST (21st) BIRTHDAY. THE CHILD IS ALLOWED DAYS CREDIT FOR TIME SPENT IN DETENTION OR INCARCERATION BEFORE THIS DATE. UPON RELEASE THE CHILD SHALL/SHALL NOT, BE PLACED ON PROBATION UNDER THE CONDITIONS SPECIFIED IN THIS ORDER.
(Emphasis added). The orders are signed nunc pro tunc to December 14, 2001, and filed on January 15, 2002. The trial court's forty-five day jurisdictional period lapsed on December 31, 2001.
J.B. asserts that the language used in the amended disposition orders, "THE PLACEMENT IS FOR AN INDETERMINATE PERIOD, BUT NO LONGER THAN THE MAXIMUM SENTENCE ALLOWABLE BY LAW OR THE TWENTY FIRST (21st) BIRTHDAY," *378 fails to state the maximum length of commitment and as such is inadequate. We agree. See M.S. v. State, 675 So.2d 215, 216 (Fla. 4th DCA 1996).
In M.S., the disposition order at issue provided that appellant was committed to a level eight program for "an indeterminate period of time, not longer than: a) nineteenth birthday; b) the maximum sentence allowable by law ..." This Court determined that the order should have specified a commitment for one year, the maximum allowable sentence for this misdemeanor, because otherwise his sentence could be construed as running until his nineteenth birthday. Id.; see also L.W.G. v. State, 785 So.2d 696, 696 (Fla. 4th DCA 2001) ("language committing a juvenile for an indeterminate period of time no longer than a specific birthday or the maximum term of imprisonment is error because such language could allow the sentence to be construed as running longer than the statutory maximum provided for the particular offense").
As in M.S., the amended orders in the instant case must specify a maximum length of commitment. The maximum length of commitment is one year for assault on an educational employee and for violation of community control, which are first-degree misdemeanor offenses, and sixty days for disruption of a school function, which is a second-degree misdemeanor offense. See §§ 775.082(4)(a), (b), 985.231(1)(a)1.a., Fla. Stat. (2000).
Further, J.B. asserts that he is entitled to credit for twenty-eight days for time served in secure detention from May 10, 2001 to June 7, 2001, prior to his adjudication. We agree. On remand, the order should be corrected to reflect any credit for time served in secure detention. See Smith v. State, 664 So.2d 1076, 1076 (Fla. 2d DCA 1995) ("Time spent in juvenile detention is credited like time spent in county jail.") (citing E.R. v. State, 584 So.2d 158 (Fla. 2d DCA 1991)).
Lastly, as urged by J.B., the orders should be corrected to state, "Nunc Pro Tunc to June 7, 2001," the date J.B. was committed.
Reversed and remanded to correct disposition orders.
STONE and MAY, JJ., concur.